Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JINNETTE MARIE TORRES MARTÍNEZ  Recurrente  v.  AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS  Recurrida | TA2025RA00316 | *Revisión Administrativa* procedente la Autoridad de Acueductos y Alcantarillados  Sobre: Objeción a factura, Ley Núm. 33 de 27 de junio de 1985  Querella Núm. 66633482  Cuenta Núm. 000223465493  Reclamación Núm. 2025-10-0474 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece ante nos la parte recurrente, Jinnette Marie Torres Martínez (en adelante, parte recurrente o señora Torres Martínez), y nos solicita la revisión de la decisión de la Autoridad de Acueductos y Alcantarillados de Puerto Rico (en adelante, parte recurrida o AAA), emitida mediante carta, con fecha del 14 de octubre de 2025, por la. Mediante esta, la AAA rechazó la solicitud de reconsideración presentada por la señora Torres Martínez, tras razonar que la misma se presentó fuera del término correspondiente.

Por los fundamentos que expondremos a continuación, se *confirma* la determinación recurrida.

**I**

El 4 de junio de 2025 la AAA le notificó a la señora Torres Martínez la factura por servicios de acueducto y/o alcantarillado, correspondiente al periodo de consumo del 3 de abril de 2025 al 3

de junio de 2025, por una cantidad ascendente a seiscientos cincuenta y dos dólares con cuarenta y un centavos ($652.41).[1] Inconforme, el 24 de junio de 2025, la señora Torres Martínez objetó la misma.

Posteriormente, el 3 de julio de 2025 la AAA notificó su determinación, mediante la cual le informó que, tras haber realizado la investigación pertinente, corroboró que la lectura del contador de la señora Torres Martínez era la correcta.[2] Por lo cual, la parte recurrida reafirmó la cantidad facturada previamente. En la referida determinación, se le apercibió a la parte recurrente que, conforme a lo dispuesto en la *Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales*, Ley Núm. 33 del 27 de junio de 1985, 27 LPRA sec. 262 *et seq.,* tendría diez (10) días, a partir de la notificación del dictamen, para satisfacer el pago de la factura, o solicitar una reconsideración de esta y una vista administrativa.

En desacuerdo, el 4 de octubre de 2025, la señora Torres Martínez presentó una petición de reconsideración.[3] Mediante esta, en esencia, planteó que la cantidad que se reflejó en la factura en controversia era excesiva e injustificada.

Luego de evaluada la solicitud, el 14 de octubre de 2025, la AAA emitió la resolución recurrida, mediante la cual rechazó la solicitud de la señora Torres Martínez, puesto que la misma se había presentado fuera del término de diez (10) días requerido por la Ley Núm. 33, *supra.*

Inconforme, el 24 de octubre de 2025, la parte recurrente presentó un *Recurso de Decisión Administrativa* ante nos. Mediante el mismo, nos solicitó lo siguiente:

---

[1] Apéndice del recurso, pág. 10.
[2] *Íd.*, pág. 1.
[3] *Íd.*, pág. 2.

Solicito respetuosamente que el Tribunal revise las determinaciones de la AAA, considerando la notificación tardía, las inconsistencias del contador, la suspensión injustificada del servicio y el retraso frecuente en la entrega de facturas. Asimismo, solicito que se evalúe la posibilidad de instalar un nuevo contador con el fin de garantizar lecturas precisas y justas en el consumo de agua.

Vencido el término para que la parte recurrida presentara su escrito en oposición, no compareció. De este modo, tras examinar el expediente que obra en autos, procedemos a expresarnos.

## II

### A

Dentro de las instrumentalidades públicas que son responsables de proveer los servicios esenciales, se encuentra la Autoridad de Acueductos y Alcantarillados. La *Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales*, Ley Núm. 33 de 27 de junio de 1985, según enmendada, 27 LPRA sec. 262 *et seq.* (en adelante, Ley Núm. 33), reconoce el servicio de acueducto y alcantarillado como una necesidad esencial en la vida del pueblo. En virtud de que, ante la falta del pago correspondiente por parte del abonado o usuario, esta agencia tiene la potestad de suspender la prestación de sus servicios el aludido estatuto, valida "el derecho a cuestionar la corrección de lo facturado y de los procedimientos que utilicen dichas corporaciones públicas para suspender el servicio prestado". Véase Exposición de Motivos de la Ley Núm. 33-1985, *supra.* A la luz de lo anterior, y como parte del debido proceso de ley, la Ley Núm. 33, *supra,* provee un procedimiento administrativo que facilita su impugnación.

En lo pertinente a lo que nos ocupa, el Artículo 3 de esta Ley, 27 LPRA sec. 262b, dispone lo siguiente:

[...]

(a) A partir del envío de una factura de cobro por concepto de pagos de tarifas, derechos, rentas, u otros

cargos facturados por servicios esenciales, el abonado tendrá veinte (20) días para pagar u objetar y solicitar una investigación de la misma ante el funcionario designado en la oficina local donde ubica la estructura que recibe servicio, quien estará facultado para corregir errores o sobrecargos. La objeción y solicitud de investigación podrá solicitarse mediante correo, teléfono, fax, internet y aplicaciones móviles, siempre y cuando la misma se someta a través de las direcciones y/o números específicos provistos por la autoridad, instrumentalidad gubernamental, corporación pública, y/o alianza público-privada participativa, según corresponda, para estos propósitos.

(b) La autoridad, instrumentalidad gubernamental, corporación pública, y/o alianza público-privada participativa, deberá concluir la investigación e informarle el resultado al abonado dentro de los treinta (30) días de la objeción original. **El resultado de la investigación se le notificará al abonado por escrito quien, si el resultado de la investigación le es adverso, tendrá diez (10) días a partir de la notificación para pagar la factura o para solicitar una reconsideración de esa decisión y vista administrativa ante el director ejecutivo regional de la autoridad concernida**.

[…]. *Íd.* (Énfasis nuestro).

**B**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024); *Voilí Voilá Corp.,* et al. v. Mun. Guaynabo, 213 DPR 743, 754 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota*, 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias*, 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia,

evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra, págs. 484-485; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra, pág. 754; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

### III

En el presente caso, la parte recurrente alegó que la AAA erró al determinar que su solicitud de reconsideración se presentó fuera del término provisto por la Ley Núm. 33, *supra.* Respecto a ello, arguyó que, tras objetar la factura correspondiente al periodo del 3 de abril de 2025 al 3 de junio de 2025, la AAA se demoró en la notificación de la investigación pertinente. Habiendo examinado su planteamiento a la luz de los hechos y el derecho aplicable, confirmamos la determinación recurrida.

Tal cual esbozado en el resumen doctrinal, la Ley Núm. 33, *supra,* establece que, de estar inconforme con la cantidad facturada,

el abonado o usuario podrá objetar la misma y solicitar una investigación. Recibidos los resultados de esta, la parte tendrá diez (10) días para presentar una petición de reconsideración o satisfacer la cantidad adeudada.

Según surge del expediente en autos, la parte recurrente fue notificada el 3 de julio de 2025 de los resultados de la investigación, mediante la cual la AAA reafirmó la cantidad facturada objetada. Sin embargo, la señora Torres Martínez presentó su solicitud de reconsideración el 4 de octubre de 2025. A pesar de que, en su recurso, la parte recurrente alegó que hubo un retraso considerable en la notificación del dictamen, no emana del expediente algún documento en apoyo de su planteamiento, de modo que esta Curia no está en posición de entender sobre dicho asunto.

Así, tras revisar el expediente ante nuestra consideración, no identificamos fundamento jurídico alguno que justifique revocar la determinación impugnada. La Ley Núm. 33, *supra,* es clara en cuanto al término que ostenta una parte para presentar su recurso en reconsideración, y, en el presente caso, la parte recurrente no cumplió con el mismo. Por tanto, concluimos que no se cometió el error señalado por la señora Torres Martínez, y, en consecuencia, *confirmamos* la determinación recurrida.

**IV**

Por los fundamentos antes esbozados, *confirmamos* la determinación recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones